IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 19-cv-02326-CFK |
| DEVIL'S ALLEY | : | |
| | : | **DECEMBER 2, 2019** |
| Defendants. | : | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

1. The allegations in this paragraph state legal conclusions to which no responsive pleading is required. To the extent those allegations can be read to state or imply facts, they are denied.

2. Admitted.

3. The allegations in this paragraph state legal conclusions to which no responsive pleading is required. To the extent those allegations can be read to state or imply facts, they are denied. It is admitted that a document entitled "Certificate of Indebtedness" is attached to the Complaint as Exhibit "A." To the extent the averments of this paragraph purport to characterize the document, they are denied because the document is in writing and speaks for itself.

4. The allegations in this paragraph state legal conclusions to which no responsive pleading is required. To the extent those allegations can be read to state or imply facts, they are denied.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

3. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

4. Defendant is not liable to Plaintiff because Defendant paid its employees in full for all work performed.

5. Any uncompensated work time or overtime was *de minimis* and did not constitute a violation of the Fair Labor Standards Act.

6. Plaintiff's claims are barred, in whole or in part, to the extent that the employees in question were exempt under Chapter 13 of the Fair Labor Standards Act.

7. Plaintiff's claims are barred, in whole or in part, by the doctrines of accord, satisfaction, payment, estoppel, consent, acquiescence, and/or waiver.

8. Plaintiff's claims are barred by the doctrine of unclean hands.

9. Plaintiff is not entitled to some or all of the damages it seeks.

10. Plaintiff's claims are barred to the extent they seek duplicative relief or more than a single recovery.

11. Any acts or omissions on the part of the Defendant were in good faith, and the Defendant had reasonable grounds for believing that its acts or omissions were not in violation of the Fair Labor Standards Act.

12. Any acts or omissions on the part of the Defendant were in good faith, in conformity with, and/or in reliance upon administrative regulations, orders, rulings, opinion letters, and/or interpretations of administrative practices and/or enforcement policies.

13. Because any acts or omissions which may be found to be in violation of the Fair Labor Standards Act were not willful, but were in good faith with reasonable grounds for believing

that Defendant was in compliance with the Fair Labor Standards Act, the statute of limitations can be no longer than two years, as provided under 29 U.S.C. § 255(a).

14. Plaintiff's claims are barred Defendant did not participate in, authorize, ratify, or benefit from the alleged wrongful acts set forth in the Complaint.

15. Defendant will be entitled to a credit toward any owed overtime payments pursuant to 29 U.S.C. § 207(h).

16. To the extent the employees in question have received other benefits, bonuses, paid time off, or other compensation as a result of their exempt status, the value of such benefits, bonuses, paid time off, or other compensation should offset, in whole or in part, any amount awarded in this action.

17. The damages sought by Plaintiff cannot be recovered without specific proof of injury and damage with respect to each of the employees in question.

18. Liability cannot be assessed without testimony from each of the employees in question.

19. Defendant reserves the right to assert additional affirmative defenses in the event that discovery or other proceedings indicate that such defenses would be appropriate.

Respectfully submitted,

/s/ Christina M. Reger
Christina M. Reger
Law Offices of Christina Reger
41 University Drive, Suite 400
Newtown, PA 18940
215-809-2089
Christina@cregerlaw.com

Attorney for Defendant Devil's Alley

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that true and correct copies of the foregoing document were caused to be served on all parties via ECF filing.

LAW OFFICES OF CHRISTINA REGER

/s/ Christina M. Reger
Christina M. Reger
Law Offices of Christina Reger
41 University Drive, Suite 400
Newtown, PA 18940
215-809-2089
Christina@cregerlaw.com

Attorney for Defendant Devil's Alley