# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 19-cv-02326-CFK |
| | : | |
| DEVIL'S ALLEY | : | |
| | : | |
| Defendants. | : | |

### I.      Discussion of Claims, Defenses, and Relevant Issues.

**Plaintiff's Summary:**

Plaintiff's Complaint is a contractual claim based upon a Back Wage Compliance and Payment Agreement between the United States Department of Labor and Defendant, Devil's Alley, executed by Defendant on May 10, 2015 for back wages in the amount of $59,133.43 for fifty-nine employees.  This payment agreement provided for an initial payment of $14,783.36 and then five additional payments beginning May 23, 2015 monthly through September 23, 2015 for the remaining amount plus $110.87 in interest. As stated in the Certification attached to Plaintiff's Complaint, no funds were received and the underlying claim was transferred to the U.S. Department of Treasury for collection.  The total amount currently owing is $103,709.97, which includes the principal amount of $59,133.43, interest, and administrative fees.

It is Plaintiff's understanding that the main underlying issue is whether or not any payments were allegedly made pursuant to the Agreement.  Plaintiff intends to conduct discovery for any documentation or information regarding alleged payments made Defendant.

Once discovery is completed, Plaintiff intends to file a Motion for Summary Judgment.

**Defendants' Summary:**

Defendant Devil's Alley is in the restaurant business in Philadelphia, Pennsylvania. Defendant's workers consist of tipped wait staff and bartenders and non-exempt back of the house cooks and line chefs. Defendant paid its back of the house employees straight time in cash when they worked overtime. In approximately 2014, the Department of Labor ("DOL") conducted a review of Devil's Alley. The DOL found that Devil's Alley owed approximately 59 current or former employees approximately $44,000 in back time and a half overtime pay. Devil's Alley told the DOL that it had paid its employees straight time in cash when they worked overtime and that they had been paid the straight time and only owed the half time. Devil's Alley paid all of the identified employees all of the back half time pay.

In or about 2016, the DOL again visited Devil's Alley demanding all of the identical payroll records and other related documents. Devil's Alley prepared all of the requested documents and appeared at the DOL offices in Philadelphia. Upon arrival, they were told that the matter was dismissed. Having made the payments, and later being told the matter was dismissed, Devil's Alley purged all of the paper documents related to this matter in early 2019, in the normal course of business. Its computer system had crashed the year prior and been replaced by an entirely new system.

Later in 2019, Devil's Alley began receiving letters purporting to refer to a lawsuit against it. Having been the victim of a fraudulent mail fraud scam with the electric company the year prior, Devil's Alley mistakenly believed that the papers it had received by mail were fraudulent and did not consult counsel until a patron, who happened to be an attorney, alerted Devil's Alley's owner to the fact that the lawsuit was real and not a scam. Devil's Alley is not liable to plaintiff because Devil's Alley has paid in full all amounts due. In addition, Devil's

Alley asserts that plaintiff's claims are barred by the statute of limitations and/or laches, as well as other affirmative defenses.

## II.   <u>Informal Disclosures</u>

Plaintiff sent Defendant its initial Rule 26(a) disclosures on or about December 3, 2019. Plaintiff has also sent Defendant a copy of the referenced Back Wage Compliance and Payment Agreement.

Defendant sent Plaintiff its initial Rule 26(a) disclosures on or about December 12, 2019. Defendant also provide Plaintiff with a copy of one of the WH-58 forms that it found that had not been destroyed.

## III.   <u>Formal Discovery</u>

Plaintiff will submit its initial discovery request to Defendant prior to the Rule 26(f) Conference.  This discovery request will consist of requests for any documents or information Defendant has as to any payments made under the underlying Agreement.  Based upon the responses to that discovery request, Plaintiff may not need to conduct additional discovery.

In November 2019, following the entry of the Stipulation and Order to Vacate Default Judgment, Defendant's prior counsel submitted two FOIA requests to the DOL.  Defendant submitted initial document requests and interrogatories to Plaintiff on or about December 13, 2019.  In December 2019, Defendants served a subpoena on TD Bank, Devil's Alley's bank, for copies of the cancelled checks from 2015.

Both parties request a ninety-day discovery period for all discovery to be conducted.

## IV.   <u>Electronic Discovery</u>

Neither party intends to conduct e-discovery.

**V.**      <u>**Expert Witness Disclosures**</u>

Neither party intends to produce any expert witnesses.

**VI.**      <u>**Early Settlement or Resolution**</u>

This action has been scheduled for an Arbitration hearing on April 8, 2020.  Plaintiff does not see the need for any additional mediations or settlement conferences.  It is Plaintiff's position that time will be needed prior to April 8, 2020 to conduct discovery on whether payments were actually made pursuant to the Agreement and whether they were applied.

It is Defendant's position that checks were issued for all identified individuals.  Given the history of the DOL's collection action in this matter, Defendant believed she had complied and believes the parties can benefit from alternative dispute resolution including mediation and settlement conferences.

**VII.**      <u>**Trial**</u>

Both parties propose a July 2020 trial date to allow for dispositive motions to be filed following the discovery and arbitration period, if necessary.


<u>/s/Rebecca A. Solarz, Esq.</u>
Rebecca A. Solarz, Esq.
Attorney for Plaintiff


<u>/s/Christina M. Reger, Esq.</u>
Christina M. Reger, Esq.
Attorney for Defendant